JOSEPH H. HOLMAN v. TRUSTEES OF SCHOOL-DISTRICT No. 5, TOWNSHIP OF AVON.

77 605
118 581

*Public schools—Suspension of pupils.*

1. A boy ten years old, or even older, cannot be expelled or suspended from the public schools for a careless act, no matter how negligent, if it is not willful or malicious.

So *held*, where a boy ten years of age was suspended from school, for negligently and carelessly breaking a light of glass in a window in the school building, until the glass was replaced or satisfaction made therefor, and his re-instatement was compelled by *mandamus.*

2. The term "misdemeanor," as used in How. Stat. § 5069, authorizing the suspension or expulsion from school of any pupil guilty of gross misdemeanor or persistent disobedience, means gross misbehavior or misconduct,

3. Before a pupil can be suspended or expelled from the public schools, under How. Stat. § 5069, he must be guilty of some willful or malicious act of detriment to the school, and the misconduct must be gross,—something more than a petty or trivial offense against the rules,—or he must be persistent in his disobedience of the proper and reasonable rules and regulations of the school; but it is not necessary that he should be guilty of a criminal act.

*Mandamus.* Submitted October 15, 1889. Granted November 8, 1889.

Relator applies for *mandamus* to compel respondents to re-instate his son in the public schools. The facts are stated in the opinion.

*Joseph Holman* and *Henry M. Cheever,* for relator.

*Edwin F. Conely,* for respondents.

MORSE, J. Hearing on order to show cause why Joseph J. Holman, a son of the relator, of the age of 10 years, should not be re-instated in the schools of the above-named district, from which he had been suspended.

The return of the respondents shows that among the rules adopted for the management and government of the schools in said district is the following:

"Pupils who shall, in any way, deface or injure the school building, outhouses, furniture, maps, or anything else belonging to the school, shall be suspended from school until full satisfaction is made."

The power of suspension is vested in the teachers of the respective departments, but in this particular case the suspension by the teacher was approved and confirmed by the school board. The relator in his petition alleged that the boy was suspended for the reason that he had accidentally broken a window, and had not replaced it. That he applied to Julia Mason, the teacher who suspended his son, and requested her to re-instate him, but she refused, and he then applied to the trustees, a majority of whom also refused to receive the boy back into school.

The respondents show that on October 1, 1889, the pupil—

"Negligently and carelessly broke a window pane in said school building, the size of which was 14 by 40 inches, and that the actual cost of replacing it would be the sum of one dollar."

That after the breaking of the window pane, the teacher requested the boy to notify his father that the broken pane must be replaced; that the next day his father, the relator, sent word by his son to the teacher that if she wanted to know about the window pane to call and see him. The teacher again sent word to relator that the glass must be replaced or paid for, and received word in return that the pane would be replaced. It was not, however, replaced or paid for, and on October 7, 1889, the teacher again sent word to relator that the glass must be paid for or replaced at once, or she would be obliged to enforce the rules. The same day relator called upon the teacher, and refused to replace or pay for the glass, and threatened to prosecute her if she enforced the rules against his son. Miss Mason thereupon consulted with the director, who directed her to issue an order suspending the boy from school until the glass was replaced or satisfaction made therefor. The order was issued, and

notice of the same in writing served upon the relator, and notice also given the board of trustees of such suspension. October 11, 1889, the board met, and ratified and adopted the action of the teacher.

Attached to the return of the respondents, and made a part of it, are the affidavits of two boys, one 14 and the other 12 years of age, eye-witnesses, setting out the circumstances of the breaking of the window pane, and giving their opinion that it was carelessly and negligently done.

We think the writ should be granted. It will be noticed that there is no claim on the part of the respondents that the breaking of the window pane was malicious or willful. It is averred to have been done carelessly and negligently. The rule of the respondents, as it reads, is broad enough to include any accidental injury, and the respondents claim that they have the right to enforce it; that it is a reasonable and proper regulation, and is the same rule, in substance, adopted in other public schools in this State. They also seek to justify their authority to enforce the rule under section 5069, How. Stat., which provides that—

" The district board shall have the general care of the school, and shall make and enforce suitable rules and regulations for its government and management, and for the preservation of the property of the district. Said board may authorize or order the suspension or expulsion from the school, whenever, in its judgment, the interests of the school demand, of any pupil *guilty of gross misdemeanor or persistent disobedience.*   *   *   *   *   *   *"

Granted that "gross misdemeanor," as used in this section, means gross misbehavior or misconduct, and not criminal conduct, and yet the statute does not confer the authority claimed by the respondents in this case. We think the definition of "misdemeanor" in this section is as claimed by respondents' counsel. It means gross miscon-

duct or gross misbehavior. It is not necessary that a pupil shall be guilty of a criminal act before he can be suspended or expelled from school. But, before he can be thus dealt with, he must be guilty of some willful or malicious act of detriment to the school, and the misconduct must be gross,—something more than a petty or trivial offense against the rules,—or he must be persistent in his disobedience of the proper and reasonable rules and regulations of the school.

A boy 10 years old, or even older, cannot be expelled or suspended for a careless act, no matter how negligent, if it is not willful or malicious. The action taken in this case might, to a poor boy, mean indefinite suspension. This rule might in a great many cases, if enforced, prevent the further attendance of pupils at the public schools, while we have laws on our statute books compelling such attendance. It is not desirable nor permissible that a child may be excluded from the common schools because, by a careless or negligent act, without malice or willfulness, it has injured or damaged school property to such an extent that it is beyond its power, or that of its parent or guardian, to make compensation for it. This would be the effect of the rule, if carried out, in many cases.

In the present case, no doubt, the father could have replaced this glass without serious financial detriment, and it would have been much cheaper for him to have done so. But he saw fit to stand upon his rights, as he was privileged to do, and by so doing test the power and authority of school boards in this State to adopt and enforce such rules as the one before us, which, in other instances, might deprive poor children who are careless, as all children are careless, of the right to a common-school education, which the laws and policy of our State

have guaranteed to them so carefully that the parent is punished if he neglects or refuses to give his children the benefit of the public schools.

The writ will issue as prayed.

SHERWOOD, C. J., CHAMPLIN and CAMPBELL, JJ., concurred. LONG, J., did not sit.